Filed 4/26/22  P. v. Panyanouvong CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KHOT PANYANOUVONG,<br><br>Defendant and Appellant. | C093704<br><br>(Super. Ct. No. 15F00271) |

In 2016, a jury found defendant Khot Panyanouvong guilty of first degree murder and the trial court found true allegations that defendant's prior conviction qualified as a serious felony and a strike.  The trial court sentenced defendant to an indeterminate term of 55 years to life and imposed various fines and fees.  This court affirmed the judgment in May of 2020.

1

In January 2021, defendant filed a pro. per. petition asking the trial court to modify his sentence by striking the fines, fees, and assessments. Defendant cited *People v. Dueñas* (2019) 30 Cal.App.5th 1157, argued the items should be stricken because there was no finding he had the ability to pay them, and said his counsel was ineffective for not raising the issue on appeal. The trial court converted the restitution fine, the court facilities assessment, and the court security fee into jail time.

Defendant appealed the trial court's 2021 order. Appointed counsel for defendant asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We will dismiss the appeal.

DISCUSSION

The California Supreme Court has not decided whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a postconviction request to strike fines, fees, and assessments. And although *People v. Dueñas, supra*, 30 Cal.App.5th 1157 remains citable precedent, some courts have criticized *Dueñas*'s legal analysis (see, e.g., *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, S258946) and the California Supreme Court has not yet resolved the split in authority.

In some circumstances this court has nevertheless exercised its discretion to adhere to *Wende* where defendant's counsel undertook to comply with *Wende* requirements. But we decline to do so here. Any error in the trial court's 2021 order inured to defendant's benefit because defendant filed his petition over four years after he was sentenced and more than six months after his appeal was final, the petition did not

assert a clerical error, and the challenged fines, fees, and assessments were authorized at the time they were imposed.

DISPOSITION

The appeal is dismissed.

/S/
MAURO, J.

We concur:

/S/
BLEASE, Acting P. J.

/S/
HULL, J.